IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**TAKESTA SMITH**,

    **Movant,**

v.                                         Case No. 1:18-cv-01015

**UNITED STATES OF AMERICA,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

On June 6, 2018, Takesta Smith (hereinafter "Movant") filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 1). This case is assigned to the Honorable David A. Faber, United States District Judge, and by standing order is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the District Court **TRANSER** Movant's Motion to the United States District Court for the Eastern District of Tennessee pursuant to 28 U.S.C. § 1631 and **DISMISS** this action from the docket of the Court.

### I.    Introduction

On May 27, 2015, Movant was indicted by a federal grand jury in the Eastern District of Tennessee on two counts of drug trafficking. *See United States v. Smith,* 4:15-cr-0006-HSM-SKL-1, at ECF No. 1 (E.D. Tenn. 2015). Movant pled guilty to one count of

the indictment, and on June 6, 2016, she was found guilty and sentenced to seventy months imprisonment. *Id.* at ECF No. 74. Movant did not appeal the judgment or sentence, but on January 17, 2017, her sentence was reduced to sixty months imprisonment. *Id.* at ECF No. 84.

Movant now files her first motion under 28 U.S.C. § 2255. In the motion, Movant asks for two separate types of relief. First, she requests that the Court recalculate her sentence to correct errors made at the time of sentencing. Movant argues that her sentence should be recalculated without applying an enhancement under United States Sentencing Guideline ("USSG") 2D.1.1 used to account for the presence of weapons during her criminal activity, and with an additional two-level reduction for her "minor" role in the crime. (ECF No. 1 at 4-5). Second, she requests that the Court order her release to a halfway house pursuant to the Second Chance Act. Movant contends that the Federal Bureau of Prisons has failed to correctly apply the Second Chance Act in her case. She adds that despite the clear availability of residential reentry centers, inmates in the Federal Prison Camp at Alderson have not been properly evaluated and placed in halfway houses as anticipated by the Act. (*Id.* at 6-7; ECF No. 2).

## II. Discussion

A motion brought under 28 U.S.C. § 2255 is a collateral attack on a conviction or sentence that was entered in a separate proceeding. To succeed on such a motion, the movant must prove that the conviction or sentence was imposed in violation of the laws or Constitution of the United States; or the court imposing the sentence lacked jurisdiction; or the sentence exceeded the maximum authorized by law; or the sentence was otherwise subject to collateral attack. 28 U.S.C. § 2255. Given that allegations of sentencing errors "should generally be addressed by the sentencing court," motions filed

under § 2255 must be filed in the district where the judgment was imposed. *United States v. Poole*, 531 F.3d 263, 267 (4th Cir. 2008); *also,* 28 U.S.C. § 2255(a). In this case, Movant was sentenced in the Eastern District of Tennessee. Consequently, jurisdiction over Movant's § 2255 motion rests in the United States District Court for the Eastern District of Tennessee, not in this Court.[1]

Because this Court lacks jurisdiction over Movant's motion, the instant action should be dismissed. However, consideration must be given to whether the matter should be dismissed outright, or the motion should be transferred to the Eastern District of Tennessee before disposing of the action here. Title 28 U.S.C. § 1631 provides the following direction regarding the transfer of civil actions:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it is transferred.

The determination of whether a particular transfer is in the "interest of justice" is left within the sound discretion of the court. *Jones v. Braxton*, 392 F.3d 683, 691 (4th Cir. 2004). A district court may always dismiss, rather than transfer, an action that is frivolous or time-barred. *United States v. McNeill*, 523 Fed. Appx. 979, 984 (4th Cir. 2013) (citing *Phillips v. Seiter*, 173 F.3d 609, 610–11 (7th Cir. 1999) (stating that the transfer of a frivolous, time-barred case is a waste of judicial resources) and *Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1001 (Fed. Cir. 1987) (declining to transfer claims under §

---

[1] The undersigned recognizes that one of Movant's grounds—her claim related to the Second Chance Act—challenges the execution rather than the validity of her sentence and is more properly asserted in a petition under 28 U.S.C. § 2241. As Movant has initiated a companion § 2241 action in this Court addressing that concern, dismissal of this case will not prematurely dispose of the issue. *See Smith v. United States,* Case No. 1:18-cv-01002.

1631 that were frivolous)).

Here, Movant's judgment of conviction in the Tennessee District Court was entered on June 6, 2016, and she did not file an appeal. Therefore, her conviction became final on June 20, 2016. *United States v. Johnson,* No. 99–7005, 2000 WL 37753 *1 (4th Cir. 2000) ("Where, as here, a defendant does not pursue a direct appeal, the conviction becomes final when the time expires for filing a direct appeal."); *see United States v. Sanders,* 247 F.3d 139, 142 (4th Cir. 2001) ("[S]ince [petitioner] did not file a direct appeal, his conviction became final for purposes of § 2255 subsection (1)," on the date "upon which he declined to pursue further direct appellate review."). Under the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a § 2255 motion must be filed within one year of the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Movant provides no mention in her motion of facts that would trigger application of subsections (2), (3), or (4); accordingly, subsection (1) would apply. Under that subsection, Movant had until June 20, 2017 in which to file a § 2255 motion. Although it appears that Movant's motion was filed nearly one year after expiration of the limitations period, the undersigned **FINDS** that Movant may have an argument, not readily apparent to this Court, that would justify equitable tolling of the one-year

4

limitation period. Therefore, the undersigned **FINDS** that the interest of justice requires Movant to be given an opportunity to present any such argument to the Tennessee District Court.

### III. Proposal and Recommendations

For the forgoing reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, (ECF Nos. 1, 2), be **TRANSFERRED** to the United States District Court for the Eastern District of Tennessee pursuant to 28 U.S.C. § 1631, and that this action be **DISMISSED,** with prejudice, and removed from the docket of the court.

Movant is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Movant shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to

the opposing party, Judge Faber and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Movant and counsel of record.

**FILED:** August 1, 2018

Cheryl A. Eifert
United States Magistrate Judge